IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HAAMID OWENS,

    Plaintiff,

v.                                                                          CASE NO.:

4145 PETE'S PLACE, INC. d/b/a PETE'S
PLACE, a Florida corporation;
3220 WEST HILLBOROUGH AVENUE, INC.
d/b/a HUSH GENTLEMEN'S CLUB, a
Florida corporation; and
PETE A. PALORI, JR., Individually,

    Defendants.
_____/

## COMPLAINT

**COMES NOW** Plaintiff, HAAMID OWENS, by and through his undersigned counsel, and sues the Defendants, 4145 PETE'S PLACE, INC. d/b/a PETE'S PLACE, a Florida corporation, 3220 WEST HILLBOROUGH AVENUE, INC. d/b/a HUSH GENTLEMEN'S CLUB, a Florida corporation and PETE A. PALORI, JR., Individually, and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for damages which exceed Fifteen Thousand (15,000.00) Dollars exclusive of costs, attorney's fees, and interest.

2. Venue lies within United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

### PARTIES

3. At all times material herein, Plaintiff, HAAMID OWENS, was and is a resident of

4. At all times material herein, Defendant, 4145 PETE'S PLACE, INC. d/b/a PETE'S PLACE, (hereinafter "PETE'S PLACE"), was and is a Florida corporation, authorized to and doing business in Hillsborough County, Florida.

5. At all times material herein, Defendant, 3220 WEST HILLBOROUGH AVENUE, INC. d/b/a HUSH GENTLEMEN'S CLUB (hereinafter "HUSH"), was and is a Florida corporation, authorized to and doing business in Hillsborough County, Florida.

6. At all times material herein, Defendant, PETE A. PALORI, JR., (hereinafter "PALORI"), was an officer, director, manager, owner, and/or operator of Defendants, PETE'S PLACE and HUSH, and had direct responsibility and control over the compensation paid to employees of the organization.

7. At all times material herein, Defendants were and are an employer as defined by the laws under which this action is brought.

## FACTUAL ALLEGATIONS

8. Plaintiff, HAAMID OWENS, was employed with Defendants from April 25, 2019, through June 25, 2019, as a full time Cook earning $11.00 an hour.

9. During the course of Plaintiff's employment, Plaintiff worked between fifty (50) to sixty (60) hours per week.

10. Plaintiff was not compensated at the rate of at least one and a half times his regular hourly rate of pay pursuant to the Fair Labor Standards Act (FLSA) for all hours worked over forty (40) in the work week.

11. Plaintiff was not exempt from the overtime provisions of the FLSA. In fact, Plaintiff is entitled to overtime compensation for all overtime hours worked under the FLSA.

12. Additionally, Plaintiff was not compensated his regular hourly rate for all hours

worked each week.

13. Plaintiff has been required to retain the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

## COUNT I
## FAIR LABOR STANDARDS ACT ("FLSA") – OVERTIME

14. Plaintiff realleges and adopts the allegations stated in paragraphs 1 through 13 as if set out in full hereafter.

15. The employment of Plaintiff provided for a forty (40) hour work week but throughout his respective employment, Plaintiff was required to work and did work a substantial number of hours in excess of forty (40) hours per work week.

16. At all times material, Defendants failed to comply with 29 U.S.C. § 201 et seq., in that Plaintiff worked for Defendants in excess of the maximum hours provided by law, but no provision was made by Defendants to compensate Plaintiff at the rate of time and one-half his regular rate of pay for the hours worked over forty (40) in a work week.

17. Defendants' failure to pay Plaintiff the required overtime pay was intentional and willful.

18. As a direct and legal consequence of Defendants' violations of the FLSA, Plaintiff has suffered damages by being denied overtime wages in accordance with 29 U.S.C. § 201, *et seq.* including § 207 and § 216(b) of the FLSA, including, but not limited to, the following:

    (a)    Overtime compensation, liquidated damages, and prejudgment interest;

    (b)    Payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim;

    (c)    A judicial determination that the FLSA was violated;

    (d)    An adjudication on the merits of the case;

(d) An adjudication on the merits of the case;

(d) Equitable relief declaring and mandating the cessation of Defendant's unlawful pay policy; and

(e) All other relief to which Plaintiff may be justly entitled.

**WHEREFORE**, Plaintiff, HAAMID OWENS, demands a trial by jury and a judgment against the Defendants, 4145 PETE'S PLACE, INC. d/b/a PETE'S PLACE, 3220 WEST HILLBOROUGH AVENUE, INC. d/b/a HUSH GENTLEMEN'S CLUB, and PETE A. PALORI, JR., Individually, for damages in an amount within the jurisdictional limits of this Court, to wit: More than Fifteen Thousand ($15,000.00) plus attorney's fees, costs, and for such other relief to which Plaintiff may be justly entitled.

## COUNT II
## UNPAID WAGES

19. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 13.

20. Plaintiff has earned unpaid wages which are owed and payable by the Defendants employer pursuant to Chapter 448, *Florida Statutes*.

21. Despite the Plaintiff's reasonable attempts to obtain payment of these earned monies, Defendants have failed and refused to make payment as required by Chapter 448, *Florida Statutes*.

22. As a direct and proximate result of the Defendants failure to pay Plaintiff his unpaid wages, Plaintiff has retained the undersigned counsel and is obligated to pay their costs and attorneys' fees.

**WHEREFORE**, Plaintiff, HAAMID OWENS, demands a trial by jury and a judgment against the Defendants, 4145 PETE'S PLACE, INC. d/b/a PETE'S PLACE, 3220 WEST

HILLBOROUGH AVENUE, INC. d/b/a HUSH GENTLEMEN'S CLUB, and PETE A. PALORI, JR., Individually, for damages in an amount within the jurisdictional limits of this Court, to wit: More than Fifteen Thousand ($15,000.00) plus attorney's fees, costs, and for such other relief to which Plaintiff may be justly entitled.

## DEMAND FOR JURY TRIAL

23.     Plaintiff, HAAMID OWENS, request a jury trial on all issues so triable.

DATED: August 5, 2019

FLORIN GRAY BOUZAS OWENS, LLC

HUNTER A. HIGDON, ESQUIRE
Florida Bar No.: 85963
Primary: hunter@fgbolaw.com
Secondary: debbie@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942
Attorney for Plaintiff